**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:18-CV-80351-ROSENBERG/REINHART**

OLYMPUS INSURANCE COMPANY,

      Plaintiff,

v.

DAVID BULL, THE INSURANCE INSIDER,
INSIDER PUBLISHING, LTD., EUROMONEY
TRADING, LTD., and EUROMONEY
INSTITUIONAL INVESTOR, PLC,

      Defendants.

_____/

**ORDER GRANTING IN PART AND**
**DENYING IN PART PLAINTIFF'S MOTION TO REMAND**

This Cause is before the Court on Plaintiff's Motion for Remand and for Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c). DE 12. Defendants responded, DE 18, and Plaintiff replied, DE 19. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

**I.      BACKGROUND**

Plaintiff filed this case on March 16, 2017 in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. DE 1-1 at 11–15. Plaintiff alleges that Defendants published an article on February 28, 2017 that included false and defamatory remarks about Plaintiff. *Id.* at 12. Plaintiff's Complaint contains two causes of action: (1) Injunctive Relief seeking to enjoin Defendants from publishing further false statements about Olympus and other Florida insurance companies in the State of Florida, to order Defendants to print a full retraction, and award of attorney's fees; and (2) Defamation seeking all damages so awardable, prejudgment interest, and attorney's fees.

1

Defendants removed this action on March 16, 2018, alleging subject-matter jurisdiction under diversity of citizenship. DE 1. Defendants assert that the removal was timely because it was filed within one year after Defendants were served with the Complaint and within 30 days of Defendants ascertaining that this action had become removable. *Id.* ¶ 3. The Notice of Removal alleges the citizenship of all of the parties and that there is complete diversity of citizenship. *Id.* ¶¶ 10–13. With respect to the amount-in-controversy, Defendants note that

> The Complaint alleges that Plaintiff's damages are "in excess of $15,000.00[.]" Plaintiff states in its February 15, 2018 supplementary response to Defendants' First Set of Interrogatories that it "may be entitled to actual damages, compensatory damages, special damages, general damages, damages to Plaintiff's reputation, consequential damages, and punitive damages[]" against the five foreign defendants. Despite asserting in its response to Defendants' first request for the production of documents that it has completed document discovery, Plaintiff further states in its supplemental response to Defendants' First Set of Interrogatories that "[i]t is unknown at this time what amount of damages Plaintiff will seek at trial of this cause, including any minimum or maximum amount."

*Id.* ¶ 14. Defendants state that the Florida Circuit Court found that Plaintiff had not completely responded to Defendants' interrogatories and required Plaintiff to produce documents and provide responsive answers to Defendants' discovery requests. *Id.* ¶15.

Plaintiff filed a Motion for Remand and for Attorney's Fees and Costs pursuant to 28 U.S.C. § 1447(c). In its Motion, Plaintiff argues only that Defendants have failed to meet their burden of establishing that the amount-in-controversy exceeds $75,000. DE 12. Defendants argue that Plaintiff has avoided specifying the amount of damages it is seeking in order to avoid federal diversity jurisdiction. DE 18 at 3. Defendants allege that Plaintiff has not denied that its damages exceed $75,000. *Id.* at 4. Defendants note that Plaintiff has alleged multiple categories of damages, including punitive damages, and has stated that its damages are continuing. *Id.* at 5. Defendants also "assert that Plaintiff's suit is a SLAPP suit against journalist, Defendants are

entitled to seek attorney's fees as permitted under Florida's Anti-SLAPP statute. *See* Fla. Stat. §
768.295." *Id.* at 6. Defendants state that their attorney's fees have already exceeded $80,000/. *Id.*

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of
Am.*, 511 U.S. 375, 377 (1994). "A removing defendant bears the burden of proving proper
federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).
There is a strong presumption against removal and every doubt concerning whether removal was
proper should be resolved in favor of remand. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d
1040, 1050 (11th Cir. 2001).

The removal of this case was premised on diversity of citizenship jurisdiction. DE 1 ¶¶
10–17. "Diversity jurisdiction exists where the suit is between citizens of different states and the
amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams
v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). In its
Motion to Remand, Plaintiff argues only that Defendants have failed to establish that the amount
in controversy exceeds $75,000. DE 18.

"Where a plaintiff fails to specify the total amount of damages demanded, . . . a defendant
seeking removal based on diversity of jurisdiction must prove by a preponderance of the
evidence that the amount in controversy exceeds the $75,000 jurisdictional requirements."
*Leonard*, 279 F.3d at 927 (citation omitted). "[R]emoval from state court is proper if it is facially
apparent from the complaint that the amount in controversy exceeds the jurisdictional
requirement. If the jurisdictional amount is not facially apparent from the complaint, the court
should look to the notice of removal and may require evidence relevant to the amount in
controversy at the time the case was removed." *Williams*, 269 F.3d at 1320. "[C]ourts may use

their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010). On the other hand, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

## III.   ANALYSIS

In its Motion to Remand, Plaintiff argues only that Defendants have failed to meet their burden to establish that the amount in controversy exceeds $75,000. Defendants make two arguments that they allege establish the amount in controversy.

First, Defendants argue that the Court may reject Plaintiff's assertion that its damages are indeterminable and rely on judicial experience and common sense to determine that Plaintiff's claims for defamation and injunctive relief exceed the amount in controversy of $75,000. DE 18 at 3–5. The Court recognizes that Defendants have asked Plaintiff to specify the amount of damages it is seeking and that Plaintiff has not answered. DE 1 ¶ 14. Defendants argue that "Plaintiff's continuing failure to provide a statement of the extent of its damages is a blatant and self-serving attempt to avoid federal diversity jurisdiction." DE 18 at 3. Although the Court can rely on its judicial experience and common sense to determine the amount in controversy, *Roe,* 613 F.3d at 1062 (11th Cir. 2010), the Court does not find that it is apparent from the face of Plaintiff's Complaint for injunctive relief and defamation that the amount in controversy exceeds $75,000. Additionally, Defendants have not provided the Court with any support for the Court to conclude that a case like this one meets the $75,000 jurisdictional requirement. Defendants simply state that the Court can conclude that the amount in controversy is met because "Plaintiff

has alleged a cause of action for defamation and injunction against a journalist and four international corporations claiming multiple categories of damages, including punitive damages, and has stated that its damages are continuing." DE 18 at 5. The Court finds that Defendants have not met their burden to establish the amount in controversy. *See Williams*, 269 F.3d at 1319–20.

Second, Defendants argue that the amount-in-controversy is met because Defendants assert that Plaintiff's suit is a SLAPP suit, which would entitle them to seek attorney's fees under Fla. Stat. § 768.295; Defendants' attorney's fees have already exceeded $80,000. *Id.* at 6. Defendants have not provided case law to support the proposition that the Court, on removal, may consider a defendant's anticipated statutory attorney's fees in determining if the case meets the amount in controversy. Defendants note that anticipated statutory attorney fees can be included in calculating the amount in controversy, DE 18 at 6 (citing *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008)), and that the amount alleged in a counterclaim may be aggregated with the main claim to meet the amount in controversy, DE 18 at 6 (citing *Premier Indus. Corp. v. Tex Indus. Fastener Co.*, 450 F.2d 444, 447(5th Cir. 1971)).

This case is distinguishable from both *Mirras* and *Premier*. *Mirras* involved the Court including the *plaintiff's* statutory attorney fees in determining the amount in controversy. Here, Defendants ask the Court to consider their attorney's fees in determining that the case meets the amount in controversy. *Premier* stated "that the jurisdictional amount may be established by considering the amount alleged by the counterclaim in aggregate with the main claim." 450 F.2d at 447. *Premier*, however, was not a removed case, and other courts have found that counterclaims cannot be aggregated with claims in removed cases. *See, e.g.*, *Commercial Jet, Inc. v. De Havilland Invs., Ltd.*, No. 05-21196-CIV, 2005 WL 8154998, at *3 (Aug. 31, 2005)

(citations omitted) ("Nevertheless, there is a rationale for the distinction between removal cases and cases originating in federal court. It was Congress' intent to restrict federal court jurisdiction when they enacted removal statutes and constitutional implications demand removal statutes be strictly construed. Congress did not provide for counterclaims to be aggregated in removal cases, accordingly this Court finds that in this case a counterclaims [sic] should not be aggregated when calculating the amount in controversy for removal purposes."). Accordingly, Defendant's anticipated statutory attorney's fees cannot be considered to determine if the case meets the amount in controversy.

## IV.    REQUEST FOR ATTORNEY'S FEES AND COSTS

In its Motion for Remand, Plaintiff seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447 (c) if the Court remands the case. DE 12 at 3. The Supreme Court has stated that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "Explicitly rejecting the notion that the statute created a presumption in favor of awarding fees, the Court explained that § 1447(c) only authorized an award of costs and fees when such an award was just." *Bauknight v. Monroe Cty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (citations omitted).

Although the Court grants Plaintiff's Motion to Remand, the Court finds that Defendants had an objectively reasonable basis for removal. Therefore, the Court will not award attorney's fees and costs to Plaintiff.

## V.    CONCLUSION

It is hereby **ORDER AND ADJUDGED** that:

1.   Plaintiff's Motion for Remand and for Attorney's Fees and Costs Pursuant to 28 U.S.C.

§ 1447(c) [DE 12] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's request for attorney's fees and costs is **DENIED**.

3. This case is **REMANDED** to the <u>Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida</u>.

4. The Clerk of Court is instructed to **CLOSE** this case, terminating all deadlines and denying all pending motions as moot.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this 10th day of July, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF